Cathie Matthews, Director Department of Arkansas Heritage 323 Center, Suite 1500 Little Rock, AR 72201
Dear Ms. Matthews:
You have requested an Attorney General opinion concerning the funding of a foundation for the Department of Arkansas Heritage.
You indicate that after the enactment of Act 9 of 1989, which is the enabling legislation for the creation of a foundation for the Department of Arkansas Heritage, the Department entered into an agreement with the Arkansas Community Foundation to operate a foundation for the Department. During the time that the agreement was in effect, no effort was made to seek donations. The agreement then expired and the foundation lapsed. The Department now plans to reinstitute the foundation and has concerns about the manner of funding.
I understand your question to be as follows:
 Can a foundation for the Department of Arkansas Heritage receive contributions from state resources, both by direct contribution and by the sale of property donated to the Department?
RESPONSE
Before addressing your specific question, I must note an issue that is implicated by your question: whether the foundation that would be formed under the authority of Act 9 of 1989 would be a private entity. This issue is important, because it bears on the particular limitations that must be placed on contributions from the State to the foundation. More specifically, if the foundation is a private entity, the State cannot make contributions to it unless the funds contributed are only used for a public purpose. Chandler v. Board of Trustees of the Teacher,236 Ark. 256, 365 S.W.2d 447 (1963); Op. Att'y Gen. No. 96-320. The question of whether a foundation that is created pursuant to Act 9 of 1989
is a private entity is not clear from the language of the Act, and I will not undertake to make that determination. This question is largely a factual question, and I am not authorized to engage in factual inquiries of this nature. However, I reiterate that if the foundation is deemed by such an inquiry to be a private entity, the State cannot make contributions to it unless such State funds are used to serve a public purpose. "No principle of constitutional law is more fundamental or more firmly established than the rule that the State cannot, within the limits of due process, appropriate public funds to a private purpose." Id. at 258.
Having stated the foregoing qualification, I will proceed to address your specific question. It is my opinion that a foundation for the Department of Arkansas Heritage can receive contributions from state resources, both by direct contribution and by the sale of property donated to the Department (provided, as explained above, that if the foundation is deemed to be a private entity, the state contributions are used only to fund a public purpose).
This issue is governed by A.C.A. § 25-3-108 (the codification ofAct 9 of 1989), which states in full:
 (a) In addition to any other rights, powers, functions, and duties granted by law to the Department of Arkansas Heritage, the department is hereby authorized to promote and cooperate in the establishment of a heritage foundation under the Arkansas nonprofit corporation law to share resources and facilities with the foundation, and to accept support and assistance in the form of money, property, or otherwise from the foundation to be used to preserve and promote the heritage of the state.
 (b) If a heritage foundation is established and the department shares resources or facilities with the foundation or accepts support and assistance from the foundation, the foundation shall annually file a report with the Governor, the Legislative Council, and the Legislative Joint Auditing Committee showing the amount and source of all gifts, grants, and donations of money or property received by the foundation and all expenditures or other dispositions of money or property by the foundation during the preceding year.
 (c) The Director of the Department of Arkansas Heritage shall, on or before July 1 of each fiscal year, submit a plan to the Arkansas Legislative Council reflecting the proposed uses of private funds for the ensuing fiscal year for its review and comment. No person over which the Department of Arkansas Heritage has day-to-day managerial control shall receive compensation or remuneration from funds not in the State Treasury.
A.C.A. § 25-3-108.
It is my understanding that your real concern is whether contributions to the foundation must come only from the State Treasury, rather than coming directly to the foundation in the form of proceeds from the sale of donated property. This concern may arise out of the last phrase of Section (c), above, which prohibits compensation or remuneration of persons under the managerial control of the Department from "funds not in the State Treasury." Apparently, your concern is whether proceeds received from the sale of donated property must be placed in the State Treasury before being turned over to the foundation.
It is my opinion that such a procedure is not required, except in the case of funds that will be used to compensate or remunerate persons under the managerial control of the Department. In my view, the last phrase of Section (c) does not refer to the permissible sources of funding for the foundation. Rather, this phrase appears to refer solely to the source of funds from which persons working for the Department or under the Department's control can be paid. Therefore, any compensation or remuneration of persons under the control of the Department or the foundation must be paid out of the State Treasury. However, this requirement does not prohibit the foundation from directly receiving the proceeds of sales of property that has been donated to the foundation, without first placing those proceeds in the State Treasury. (Such funds, of course, cannot be used to compensate or remunerate persons working under the control of the Department or the foundation.)
The sources of funding for the foundation are governed by Section (a), above, rather than by Section (c). Section (a) clearly is stated broadly enough to encompass funding both from direct contribution and from the sale of donated property. Moreover, the language of Section (a) is unambiguous. It must therefore be interpreted just as it reads, giving the words their ordinary meanings in common usage. McDonald v. Pettus,337 Ark. 265, 988 S.W.2d 9 (1999).
Accordingly, I conclude that a foundation for the Department of Arkansas Heritage can receive contributions from state resources, both by direct contribution and by the sale of property donated to the Department (provided that if the foundation is deemed to be a private entity, the state contributions are used only to fund a public purpose). As a final matter, it should be noted that no money can be transferred to the foundation from the State Treasury unless there has been an appropriation for such a transfer. Ark. Const., art. 5, § 29.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh